UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DWAYNE R. STEPHENSON, | |
| Plaintiff, | Case No. 1:14-cv-00460-BLW |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| CORIZON MEDICAL SERVICES, DR. YOUNG, NP POULSON, *et al.*, | |
| Defendants. | |

      Pending before the Court in this prisoner civil rights matter is Defendants' Motion for Summary Judgment (Dkt. 13), Motion to Dismiss (Dkt. 19), and Motion to Stay Discovery pending disposition of the other motions (Dkt. 15). Plaintiff also asks the Court to reconsider whether he qualifies for in forma pauperis status (Dkt. 22). These matters are now ripe for adjudication.

      Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: EXHAUSTION OF ADMINISTRATIVE REMEDIES

In the pending Motion for Summary Judgment, the Corizon Defendants argue that Plaintiff failed to exhaust his administrative remedies completely before filing his lawsuit, mandating dismissal without prejudice. For the reasons that follow, the Court agrees.

**1.    Plaintiff's Allegations and Undisputed Material Facts**

Plaintiff filed his Complaint on October 28, 2014. He contends that, after undergoing a neck surgery in October 2013, something in his neck "snapped," and thereafter he suffered continuous pain. He asserts that the medical providers at the prison—Defendants Dr. Murray Young and Nurse Practitioner William Poulson, who work for Corizon, LLC —have refused to give him proper diagnoses and treatments after that date.

In March 2014, Plaintiff signed forms giving permission for inmate representatives in an ongoing class action lawsuit to discuss his medical issues with Idaho Department of Correction (IDOC) Medical Services Administrator Rona Siegert and others at status meetings where the monitoring of the provision of medical services is discussed among IDOC officials, Corizon officials, inmates, lawyers, and other interested representatives. The permission form states:

> I understand that this form is not a substitute for a . . . grievance form. . . . I am also still required to follow the concern/grievance process if I want to grieve this issue.

(Plaintiff's Exhibit, Dkt. 17-2, p. 1.)

**MEMORANDUM DECISION AND ORDER - 2**

On October 6, 2014, Plaintiff filed a grievance on the same medical issues, which was denied. On November 5, 2014, he filed an appeal, but his appeal form was returned because the handwriting was partially illegible, and he resubmitted it. The response was returned to Plaintiff on November 12, 2014. However, Plaintiff filed his Complaint in this matter on October 28, 2014, before the appeal was completed.

**2.    Standard of Law**

The Prison Litigation Reform Act of 1995 ("PLRA")[1] requires a prisoner to exhaust all available administrative remedies within the prison system before he can include the claims in a new or ongoing civil rights lawsuit challenging the conditions of confinement. 42 U.S.C. § 1997e(a); *Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (a claim may be exhausted prior to filing suit *or* during suit, so long as exhaustion was completed *before the first time* the prisoner sought to include the claim in the suit). "Proper" exhaustion of administrative remedies is required, meaning that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their

---

[1]    Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

responsibilities before being haled into court." *Id.* at 204. Once in court, defendants have the right to bring motions addressing exhaustion of administrative remedies at the beginning of litigation, and "disputed factual questions relevant to exhaustion should be decided at that time. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). The issue of "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

Confusing or contradictory information given to a prisoner is relevant to the question "of whether relief was, as a practical matter, 'available.'" *Brown*, 422 F.3d at 937. Administrative remedies will be deemed unavailable and exhaustion excused if the inmate had no way of knowing the prison's grievance procedure, if the prison improperly processed an inmate's grievance, if prison officials misinformed an inmate regarding grievance procedures, if the inmate "did not have access to the necessary grievance forms within the prison's time limits for filing the grievance," or if prison staff took any other similar actions that interfered with an inmate's efforts to exhaust. *Albino*, 747 F.3d at 1173.

**MEMORANDUM DECISION AND ORDER - 4**

Failure to exhaust is an affirmative defense that may be asserted in a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim only if the prisoner's failure to exhaust is clear from the face of the complaint and any public records subject to judicial notice. *Albino*, 747 F.3d at 1166. When either party relies on evidence beyond the pleadings and public records, the exhaustion issue should be determined as a matter of summary judgment under Rule 56. *Id.* at 1170. "If the record is sufficiently developed to permit the trial court to consider summary judgment, and if the court finds that when viewing the evidence in the light most favorable to a moving party the movant has not shown a genuine dispute of fact on the issue of exhaustion," the Court may enter summary judgment for either the moving or the nonmoving party. *Id*. at 1176; *see* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant.")

Rule 56 prohibits the courts from resolving genuine disputes as to material facts on summary judgment. If a genuine dispute exists as to material facts relating to an exhaustion defense, the motion should be denied, and the "disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Albino*, 747 F.3d at 1170-71. *See Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987) (the court has the discretion to take evidence at a preliminary hearing to resolve any questions of credibility or fact, and the plaintiff must establish the facts by a preponderance of the evidence, just as at trial).

**MEMORANDUM DECISION AND ORDER - 5**

If a prisoner has failed to exhaust available administrative remedies, the appropriate remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled in part on other grounds by Albino*, 747 F.3d 1162.

3.      **IDOC Grievance Process**

The IDOC has a simple grievance process, consisting of three stages. First, an inmate with a concern must seek resolution of the problem by filling out an offender concern form, addressed to a staff person capable of resolving the issue. If the issue cannot be resolved through the use of a concern form, the inmate must then file a grievance form. The grievance is then resolved by a Level 1 Initial Response, which is reviewed by a Level 2 Reviewing Authority Response, and then returned to the inmate. If the grievance did not resolve the issue satisfactorily, the inmate must file an appeal, which is reviewed and decided by a Level 3 Appellate Authority Response. When all three of these steps—concern form, grievance form, and grievance appeal—are completed, the administrative grievance process is exhausted. (Affidavit of Jill Whittington, Dkt. 13-3.) The procedure requires that the grievance and appeal forms be handwritten legibly; if they are not, they are returned to the inmate with instructions to make the writing legible. (IDOC Grievance Procedures, Dkt. 13-4, p. 10.)

4.      **Discussion and Conclusion**

The law is clear that (1) the particular prison grievance procedures must be followed as specified in the prison's written policies; and (2) a claim cannot be included in a civil rights complaint unless it was exhausted before the time it is first included in the lawsuit. Here, Plaintiff attempted to informally resolve his problem by taking it to the

**MEMORANDUM DECISION AND ORDER - 6**

class action medical monitoring meeting. However, nowhere does Plaintiff point to any procedures that state that this method is an acceptable alternative to filing a prison grievance, or to any official statement by a prison administrator letting him know that he had satisfied the grievance procedures in an alternative manner and had the green light to file a lawsuit without using the established grievance procedures.  The form itself contradicts his argument.

The fact that completion of the grievance process was delayed because Plaintiff submitted a partially illegible appeal was his own fault, and he was simply required to rewrite it and resubmit it, which he did. A legible appeal is a reasonable requirement, because prison officials cannot know of the problem if they cannot read the grievance appeal. However, after resubmitting the grievance appeal in a legible form, Plaintiff then was required to wait for a response from his grievance appeal before filing his lawsuit, which he did not do.

One of the reasons prisoners must follow the internal grievance system is to allow prison officials to fix problems internally, without the need for filing a costly, time-consuming lawsuit. Another reason is to provide them with legal notice, so that a lawsuit can be filed if officials do not fix the problem at the grievance or appeal stage. Yet another reason is to aid prisoners in the rehabilitative process—they are in prison for failing to follow society's rules, and the sooner they understand the importance of rules and learn how to follow them with exactness, the better able they are to function within the prison society and, if released, within the society at large. The bottom line is that "before" means before.

**MEMORANDUM DECISION AND ORDER - 7**

The undisputed material facts show Plaintiff did not follow the rules of administrative exhaustion. The United States Supreme Court has clarified that exactness in following the administrative exhaustion rules is required. No adequate excuse for failing to follow the rules is evident from the record. The Court rejects Plaintiff's argument that he did not first present his claim in his lawsuit at the time he first presented the lawsuit for filing—simply because his lawsuit was "conditionally" filed by the Clerk of Court. It is not the category in which the Clerk accepted and filed the lawsuit that is at issue, but the fact that Plaintiff presented it for filing at that time.

Therefore, this case must be dismissed without prejudice. However, because Plaintiff is still within the statute of limitations period on his more current lack-of-care claims, he may re-file his lawsuit immediately, based upon any completed grievances, and so Defendants' procedural victory may be short-lived.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Summary Judgment (Dkt. 13) is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice. A new complaint based on the claims in the now-completed grievance may be re-filed within the statute of limitations period.

2. Defendants' Motion for a Protective Order and to Stay Discovery (Dkt. 15) is DENIED as MOOT.

3. Defendants' Motion to Dismiss (Dkt. 19) is DENIED as MOOT.

**MEMORANDUM DECISION AND ORDER - 8**

4. Plaintiff's Motion to Reconsider in Forma Pauperis Status (Dkt. 22) is DENIED as MOOT. Plaintiff may file a new motion with a current statement of his prison trust account, together with a writtten explanation of his expenses and income, with his new lawsuit.

DATED: November 12, 2015

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 9